IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO, | ) ) ) | |
| *Plaintiff*, | ) ) | No. 23 C 15257 |
| v. | ) ) | Hon. Virginia M. Kendall |
| BARRINGTON EXCAVATING, LLC, | ) ) ) | |
| *Defendant*. | ) | |

## ORDER

Defendant Barrington Excavating, LLC moves for reconsideration of the Court's April 22, 2024 Memorandum Opinion and Order (the "Opinion"). (Dkt. 33). In its Opinion, the Court denied Barrington Excavating's motion to dismiss Plaintiff International Union of Operating Engineers, Local 150, AFL-CIO's ("Local 150") Complaint. (Dkt 32). For the following reasons, the motion for reconsideration [33] is denied.

## DISCUSSION

The Court assumes familiarity with the facts of this case from its previous Opinion. (Dkt. 32 at 2–4). Barrington Excavating relies upon the same facts to argue its motion for reconsideration.

As an initial point, the Court must establish the proper standard to evaluate Barrington Excavating's motion for reconsideration. Barrington Excavating brings this motion under Federal Rule of Civil Procedure 59(e). Rule 59(e) allows a party to move "to alter or amend a judgment" no later than 28 days after its entry. Fed. R. Civ. P. 59(e). Here, Barrington Excavating's motion is clearly not an attempt to alter or amend a judgment; a denial of a motion to dismiss is not a judgment. *See Total Commc'n Servs., Inc. v. Seiscor Techs., Inc.*, 1991 WL 65817, at *2 n.3 (N.D. Ill. Apr. 19, 1991). Nor does it fall under Rule 60(b), which provides for relief from a final judgment, order, or proceeding. Fed. R. Civ. P. 60(b).

Even so, courts in their discretion have considered a motion to reconsider the denial of a motion to dismiss as an interlocutory order under Rule 54(b). *See Muczynski v. Lieblick*, 2013 WL 1080613, at *1 (N.D. Ill. Mar. 14, 2013); *Caine v. Burge*, 897 F. Supp. 2d 714, 722 (N.D. Ill. 2012); *Pearle Vision, Inc. v. Eye Exam Illinois-Lansing Facility, Ltd.*, 1994 WL 374272, at *1 (N.D. Ill. July 12, 1994). Rule 54(b) allows a court on an "order or other decision . . . that adjudicates fewer than all the claims or the rights and liability of fewer than all the parties" to revise the order before the final entry of judgment. Fed. R. Civ. P. 54(b); *see Sec. & Exch. Comm'n v. EquityBuild, Inc.*, 101 F.4th 526, 534 (7th Cir. 2024) (Easterbrook, J., concurring).

1

Motions for reconsideration under Rule 54(b) are generally disfavored and serve the limited purpose "to bring to the Court's attention a manifest error of law or fact or newly discovered evidence." *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000). Thus, "a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Tapia-Rendon v. United Tape & Finishing Co. Inc.*, 2024 WL 406513, at *2 (N.D. Ill. Feb. 2, 2024) (quoting *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011), *overruled in part on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013)). The party seeking reconsideration "bears a heavy burden," and such motions "are not at the disposal of parties who want to 'rehash' old arguments." *Patrick v. City of Chicago*, 103 F. Supp. 3d, 907, 912 (N.D. Ill. 2015) (citation omitted); *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Thus, "a proper motion to reconsider does more than take umbrage and restate the arguments that were initially rejected." *Goings v. Brookman*, 2023 WL 2989435, at *1 (S.D. Ill. Apr. 18, 2023) (citing *Cnty. of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 819 (7th Cir. 2006), *as amended* (Apr. 11, 2006)).

Here, Barrington Excavating primarily restates arguments made in its motion to dismiss, urges the Court to make determinations of fact, and cites law and attachments to the motion to dismiss that the Court previously considered. Under Federal Rule of Civil Procedure 8(a), the Court accepts the well-pleaded factual allegations in the plaintiff's complaint as true, "drawing all reasonable inferences in his favor." *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 850 (7th Cir. 2022) (citation omitted). Construing the facts in favor of Local 150, as the Court must do at this stage, the Court reaffirms its finding that Local 150's Complaint passes muster. Any winning arguments that Barrington Excavating perceives it maintains are not ripe for consideration based upon the Court's previous ruling and are properly left for a motion for summary judgment, motion for judgment on the pleadings, or trial.

In its motion, Barrington Excavating urges the Court to construe the pleadings in their favor to determine issues of fact: whether termination of the contract occurred, whether a current contract exists, and whether Barrington Excavating had notice of and consented to the Joint Grievance Committee ("JGC") proceedings. For example, Barrington Excavating focuses on their attached exhibit of Sinnett Sr.'s purported written notice to Local 150 of his intention to close his business and terminate the CBA. (*See* Dkt. 14-1 at 2). Barrington Excavating proclaims this "undisputed written evidence" that Sinnett Excavating "properly terminated the prior CBA . . . leav[es] no lawful basis for the follow-on CBA-based grievance acts" claimed by Local 150. (Dkt. 33 at 2). Accordingly, Barrington Excavating believes the Court committed a manifest error of law or fact in not recognizing that the contractual relationship ended, based solely on this exhibit.

Yet, Sinnett Sr.'s letter was an exhibit to *Barrington Excavating*'s motion to dismiss. When a party attaches documents to a motion to dismiss, the court must either convert the Rule 12(b)(6) motion into a motion for summary judgment under Rule 56, or exclude the documents and proceed

2

under Rule 12.[1] *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998); *see also* Fed. R. Civ. P. 12(d). The Court does not (and previously did not) exercise its discretion to convert the motion to reconsider the denial of the motion to dismiss into a motion for summary judgment by conclusively relying upon "matters outside the pleadings." Fed. R. Civ. P. 12(d); *Thompson v. Cope*, 900 F.3d 414, 425 (7th Cir. 2018). For their part, Local 150 disputes the supposed termination of the CBA and contends it should not be enforced because it was a misrepresentation, inconsistent with Section 8(d) of the NLRA,[2] and that Sinnett Excavating continued to operate—through its successor—as Barrington Excavating. (Dkt. 19 at 12–13) And as the Court noted, Local 150 pled that the JGC determined the CBA was in force. (*See* Dkt. 32 at 3). Considering the applicable standard and current factual disputes, the import and effect of Sinnett Sr.'s letter is a question of fact. There was no manifest error of law in the Court construing Local 150's pleaded facts in their favor when ruling under the Rule 12 standard.

Similarly, Barrington Excavating reprises arguments made in their motion to dismiss that they are not bound by JGC decision as it named Sinnett Excavating and Scott Sinnett Sr., instead of Barrington Excavating and Scott Sinnett Jr. From this contention, they proceed to restate that Barrington Excavating did not have notice of the JGC proceedings, the JGC's authority was void, and raise case law previously analyzed by the Court when ruling on the motion to dismiss. Whether and to what extent Local 150's pleaded notice was sufficient is again a question of fact better left for summary judgment or trial. *See e.g.*, *Omega Med. Imaging, LLC v. Cnty. of Cook, Ill.*, 2020 WL 704796, at *2 (N.D. Ill. Feb. 12, 2020); *Cent. States, Se. & Sw. Area Pension Fund v. Superior Moving Servs., Inc.*, 1990 WL 19890, at *1 (N.D. Ill. Feb. 21, 1990). As the Court stated, "Barrington Excavating can later dispute notice, but it is inappropriate for the Court to resolve this fact-specific issue at this juncture." (Dkt. 32 at 8). Relevant to this analysis, the Court found that Local 150 pled sufficient facts—including the JGC's determination of this point—to state that Barrington Excavating had notice and was a successor of Sinnett Excavating.

In its Opinion, the Court noted that if Barrington Excavating had notice of the JGC proceedings, as the Complaint pled, then failure to vacate the JGC determination within 90 days would waive challenges to the proceeding. (*See* Dkt. 32 at 7). The rest of Barrington Excavating's arguments, as noted previously, are "not fatal on [their face]. (*Id.* at 8); *Muczynski v. Lieblick*, 2013 WL 1080613, at *2 (N.D. Ill. Mar. 14, 2013) ("Moving for reconsideration by asserting that a court "has made an error not of reasoning but of apprehension" is not an avenue to ask the court "to take a fresh look at a fully briefed, argued and decided issue . . . " (citation omitted)). The Court sees no other misapprehension of fact or manifest error of law. Ultimately, Barrington Excavating rehashes previous arguments and disagrees with the Court's application of the proper Rule 8(a) standard. Barrington Excavating is free to develop facts in support of their arguments during discovery.

---

[1] A court may consider documents attached to a motion to dismiss, however, if they are referred to in and integral to the plaintiff's complaint. *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 878 (7th Cir. 2017).

[2] In the motion's briefing, the parties discuss whether the CBA was a valid agreement under Section 9(f) or Section 8(d) of the NLRB and the implications of such a finding.

## CONCLUSION

For the foregoing reasons, Barrington Excavating's motion for reconsideration [33] is denied.

_____
Virginia M. Kendall
United States District Judge

Date: August 21, 2024

4